# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.P.**

**No. 18-0857** (Cabell County 17-JA-55)

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.D., by counsel David R. Tyson, appeals the Circuit Court of Cabell County's January 8, 2018, order terminating his parental rights to C.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sarah E. Dixon, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed a petition alleging that the mother of one-year-old C.P. was abusing controlled substances and was found in possession of drug paraphernalia. The DHHR further alleged that C.P. appeared dirty and ill and had a rash on his face and a "crusted green discharge" from his nose. According to the DHHR, petitioner was incarcerated since C.P.'s birth. The DHHR alleged that petitioner failed to provide for the child emotionally, financially, or psychologically and failed to protect the child from the mother's substance abuse. Petitioner waived his preliminary hearing.

The circuit court held an adjudicatory hearing in April of 2017, and petitioner stipulated to the allegations in the petition. Petitioner testified that he was currently serving a one-to-fifteen-year sentence for his conviction of possession with intent to deliver a controlled substance.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Petitioner testified that his next parole hearing date would be in January of 2018. Petitioner admitted that, as a result of his incarceration, he could not parent his child. The circuit court found petitioner's stipulation was not a result of promises or threats and that it was sufficient to adjudicate petitioner as an abusing parent.

In December of 2017, the circuit court held the final dispositional hearing. A Child Protective Service Worker ("CPS") and petitioner testified. The CPS worker testified that petitioner had never met or been in contact with C.P. Petitioner admitted that his incarceration made it difficult for him to establish a relationship with the child. The circuit court found petitioner was previously granted parole in 2012, but "violated his parole by testing positive for heroin." Petitioner was granted parole again and "violated his parole a second time in July of 2015 by driving under the influence." Petitioner moved to continue the dispositional hearing; the circuit court denied that motion.

Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse would be substantially corrected in the foreseeable future and that termination of petitioner's parental rights was in the best interests of the child. Accordingly, the circuit court terminated petitioner's parental rights by its January 8, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent. We note, however, that petitioner stipulated to adjudication below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)."

---

[2]The mother voluntarily relinquished her parental rights to the child in October of 2017. According to the parties, the permanency plan for the child is adoption in his foster placement.

*Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, we find petitioner has waived this issue on appeal.

Petitioner also argues that the circuit court erred in terminating his parental rights. Petitioner asserts that he made "every effort by multiple and numerous letters, motions and statements to be in his child's life."[3] We find petitioner is entitled to no relief. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Further,

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 3.

The circuit court's termination of petitioner's parental rights was consistent with the best interests of C.P. Petitioner never met or supported the child due, at least in part, to his incarceration. Petitioner may be incarcerated until 2024, at which point the child would be eight years old and without any support from petitioner during that time. Further, petitioner's underlying conviction and subsequent parole violations all relate to substance abuse. Yet, petitioner presented no evidence that he has attempted to correct his substance abuse problem while incarcerated.

Moreover, this Court has held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

---

[3]Petitioner did not include any of these materials in his appendix on appeal.

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court's findings that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected and that termination was in the best interest of the child are supported by the record.[4] Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 8, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]Petitioner also argues that the circuit court erred in denying his motion to continue the dispositional hearing until after an upcoming parole hearing. However, "under no circumstances shall a civil child abuse and neglect [proceeding] be delayed pending the . . . resolution of any other proceeding, including, but not limited to criminal proceedings." W. Va. R. of Proc. for Child Abuse & Neglect Proc. 5. Further, C.P. was only two years old when petitioner's parental rights were terminated and we have held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. A continuation to provide a remote opportunity of reunification with an unknown parent would cause an unwarranted and unnecessary delay in permanency for the child. Clearly, the circuit court was not required to continue the dispositional hearing as requested. Therefore, we find no abuse of discretion in the circuit court's denial of petitioner's motion to continue.